MORALES v. WILSON ET AL.

APPLICATION for a writ of *mandamus.*

No. 135.—Decided November 21, 1910.

MANDAMUS—PARTY DEFENDANT—DOCUMENTS FROM THE ARCHIVES OF THE MU-
NICIPALITY.—The *alcalde* of a municipality cannot properly be made the
defendant in the application for a writ of *mandamus* seeking to compel the
issuance of certified copies of certain documents on file in the archives of
the municipality, inasmuch as the custody of such documents is entrusted to
the municipal secretary.

ID.—DEMAND MUST FIRST BE MADE ON DEFENDANT—HIS REFUSAL.—In order
that an application for the writ of *mandamus* may be considered, it is neces-
sary that, before the application is filed, the defendant shall have been re-
quested to perform the act which it is sought to compel him to execute and
that he shall have refused so to do; and where, from the application, it ap-
pears that this course has not been followed, it will be deemed to be pre-
mature and must be denied.

The facts are stated in the opinion.

*Mr. Rafael López Landrón* for petitioner.

*Mr. Jesús M. Rossy, fiscal,* for defendants.

MR. JUSTICE MACLEARY delivered the opinion of the court.

On October 21, 1910, the plaintiff, Armando Morales Ril-
dow, made application to this court for a writ of *mandamus,*
directed to John A. Wilson, Commissioner of the Interior,
and to Mariano Riera Palmer, mayor of Mayagüez, requiring
them to place in his possession during business hours, in
their respective offices, in order that he might examine them,
the principal record and its accessories, and all other public
documents which they may have in their subordinate depart-
ments, having reference to the reconstruction of the bridge
known at various times as "Cartagena," "Anguila," or
"Paris," in the city of Mayagüez; and in accordance with the
ordinances that they should furnish the applicant copies, prop-
erly certified, such as he may designate, on payment of the
corresponding fees.

The application alleges in separate paragraphs in substance the following:

1st. That applicant is an architect, etc.

2d. That he contracted to reconstruct the bridge, etc.

3d. That as such, he formulated a contract with the mayor, to whom he delivered the plan which was approved, making a beginning of the work on June 13, last.

4th. That, in furtherance of the reconstruction, an administrative record (*expediente*) was made and followed, in which the Commissioner of the Interior set out an opinion or report of date July 11, last.

5th. That applicant has a legitimate interest in this record, which refers to the contract of reconstruction of the said bridge for the better use of his rights, etc.

6th. That applicant has made various efforts in the said departments to secure the inspection of this record and to fix the appropriate places to obtain the necessary certificates, and that all his labors have been in vain, by reason of the refusals, delays, etc., of said departments.

7th. Applicant sets out the laws which he contends are applicable to the case.

8th. He further alleges that it is the ministerial duty of the defendants to show the plaintiff this original record and to issue him the certificates.

9th. That applicant has no ordinary remedy at law in the premises, etc.

10th. Prayer is made as stated above.

On October 26 a rule to show cause was issued and set for hearing on the 31st of same month. Both defendants were duly cited. On October 31 defendants filed their answer, in which:

1st. They accepted as facts the paragraphs of applicant's complaint numbered 1, 2, 3, 4 and 5.

2d. They deny the allegations in paragraph 6 thereof, and say that no demand has been made on defendant, Wilson, and

that no refusal has been made by defendant, Riera, to furnish the certificates mentioned. And allege that both defendants are ready to comply with all the duties imposed on them by the law.

3d. They accept the allegation made in paragraph 7 of the complaint.

4th. They deny the allegations in paragraph 8 of the complaint and say that the duties mentioned are not incumbent on the mayor, Riera Palmer, but on other persons.

5th. They deny the allegations in paragraph 9 of the complaint and say that applicant has an adequate remedy in the due course of the law, by applying to either of the defendants to show him the records in which he is interested, provided they are by law under their custody and in their respective archives and asking that they may issue the certificates corresponding thereto; which they allege he has not done in the present case.

This answer was duly sworn to by both the defendants.

The case came on for hearing in due course, both parties having filed affidavits in support of their pleadings.

This *mandamus* must be denied for several reasons.

I. The defendant, Riera, is not a proper party, because the documents sought to be inspected and of which certified copies are desired are not, under the law, in his custody, but in that of the municipal secretary, who is not made a party. (Sess. Acts 1906, p. 115); sec. 37; Law of *Mandamus,* sec. 1; Sess. Acts of 1903, p. 114.)

II. No proper demand has been made on defendant, Wilson, for such inspection and copies of the documents such as those mentioned in the petition. (*Negrón* v. *Supt. of Elections,* 3 Dec. P. R., p. 501.)

III. Besides, neither of the defendants has ever refused to perform the duties which the plaintiff alleges to be incumbent on them; and this suit is prematurely brought. (*Zavala et al.* v. *Executive Council,* 2 Dec. P. R., p. 598.)

It is clear that under the law governing *mandamus* proceedings all these requisites must be complied with before this extraordinary writ can issue, and the facts laid before the court do not justify such action in the present case.

*Application denied.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.

Mr. Justice Figueras did not take part in the decision of this case.